IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-41688 |
| | ) | |
| JERRY RAY CRIST, | ) | |
| | ) | CH. 13 |
| Debtor(s). | ) | |
| | ) | Filing No. 4, 11 |

ORDER

Hearing was held in Lincoln, Nebraska, on December 5, 2007, regarding Filing No. 4, Chapter 13 plan, filed by the debtor, and Filing No. 11, Objection to Confirmation of Plan, filed by Union Bank and Trust Company. Charles Garman appeared for the debtor and Rob Shortridge appeared for Union Bank and Trust Company. Evidence admitted: Filing No. 13, Affidavit of Robert Ryan, and Filing No. 25, Declaration of Mike Kreifels.

Union Bank and Trust Company has objected to the debtor's Chapter 13 plan for two reasons. First, the bank suggests that the plan values its collateral, a 2003 Ford F150 pickup truck, at far less than its actual retail or replacement value. The second objection is that the plan provides for payment of the debtor's attorney fees, as an administrative expense, in full, prior to any payments going to the secured claim of the bank.

Counsel for the debtor, with regard to the attorney fee issue, agreed that the plan could be amended by a confirmation order which would provide that the adequate protection payments of $204 per month, currently authorized, would continue to be paid to the bank through the Chapter 13 trustee, until the attorney fees were paid in full. After the attorney fees were paid in full, the regular plan payments would go to the bank, rather than the adequate protection payments.

That offer is fair and satisfies that prong of the objection.

With regard to the valuation issue, the debtor has presented evidence that $4,100 in repairs and painting is necessary to put the vehicle in retail condition. As a result, after deducting from the NADA adjusted value for high mileage, the debtor's appraiser then deducted $4,100, bringing the appraised value to $10,525.

The appraiser for the bank, however, suggests that most of the damage referred to by the debtor's appraiser, for which he took the large deduction, simply reflects ordinary wear and tear on this four year old vehicle. From his point of view, ordinary wear and tear is included in the calculations resulting in the NADA values. He adjusts for high mileage and some needed repairs and values the vehicle at $13,900.

I find that much of the damage listed by the debtor's appraiser is damage which the debtor should have repaired, using insurance proceeds or otherwise. The debtor has a contractual obligation to keep the vehicle in good condition and the dents, a sprung door, and a major paint job on a four year old vehicle do not seem to be ordinary wear and tear and the debtor should not get the benefit of the cost of repair of such damage when attempting to cram down the interest of the creditor.

      The bank's appraiser did not specifically explain his deductions from the NADA adjusted value. Giving the debtor the benefit of some of the potential costs of repair, I find that the vehicle is worth $13,000. The secured claim of the bank is allowed in that amount. The balance of the claim is unsecured.

      SO ORDERED.

      DATED:      December 6, 2007

                                BY THE COURT:

                                /s/ Timothy J. Mahoney
                                Chief Judge

Notice given by the Court to:
      *Charles Garman
      Rob Shortridge
      Kathleen Laughlin
      U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.